| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 2012 L 14225

JEREMY NOWACK

(Name all parties)

v.

NATE WARNER, 3505 CLARK INC. d/b/a DEUCE'S and THE DIMOND CLUB; et al.

### ⦿ SUMMONS   ◯ ALIAS SUMMONS

To each Defendant: Chicago Police Det. John Salemme, Star #20769   c/o Chicago Police Department, Legal Affairs
3510 South Michigan Ave., Chicago, IL 60653

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⦿ Richard J. Daley Center, 50 W. Washington, Room 800, Chicago, Illinois 60602

◯ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

◯ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

◯ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

◯ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41155
Name: Jeffrey J. Neslund
Atty. for: Plaintiff
Address: 20 North Wacker Drive - Suite 3710
City/State/Zip: Chicago, IL 60606
Telephone: 312-223-1100

WITNESS, DOROTHY BROWN, CLERK OF CIRCUIT COURT

DEC 16 2014

Clerk of Court

Date of service: 
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

No. 2012 L 14225

JEREMY NOWACK

(Name all parties)

v.

NATE WARNER, 3505 CLARK INC. d/b/a DEUCE'S and THE DIMOND CLUB; et al.

## ⊙ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:** Chicago Police Officer Treta Pope, Star #3840  c/o Chicago Police Department, Legal Affairs
3510 South Michigan Ave., Chicago, IL 60653

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ⊙ Richard J. Daley Center, 50 W. Washington, Room 800, Chicago, Illinois 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077
- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- ○ District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455
- ○ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428
- ○ Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Atty. No.: 41155
Name: Jeffrey J. Neslund
Atty. for: Plaintiff
Address: 20 North Wacker Drive - Suite 3710
City/State/Zip: Chicago, IL 60606
Telephone: 312-223-1100

WITNESS, _____

DEC 17

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | (2/28/11) CCG N001 |
| SUMMONS | ALIAS - SUMMONS | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW _____ DIVISION

No. 2012 L 14225

JEREMY NOWACK
_____
(Name all parties)
v.

NATE WARNER, 3505 CLARK INC. d/b/a DEUCE'S and THE DIMOND CLUB; et al.

## ⊙ SUMMONS ○ ALIAS SUMMONS

To each Defendant: Chicago Police Officer Jeannette Varela #12779 c/o Chicago Police Department, Legal Affairs
3510 South Michigan Ave., Chicago, IL 60653

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 800 , Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41155
Name: Jeffrey J. Neslund
Atty. for: Plaintiff
Address: 20 North Wacker Drive - Suite 3710
City/State/Zip: Chicago, IL 60606
Telephone: 312-223-1100

WITNESS, DOROTHY BROWN, CLERK OF CIRCUIT COURT

DEC 16 2014

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| STATE OF ILLINOIS | ) |
|---|---|
|  | ) SS |
| COUNTY OF COOK | ) |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JEREMY NOWACK, | ) |
| Plaintiff | ) Case No. 2012 L 014225 |
| v. | ) |
| NATE WARNER, CHICAGO POLICE DETECTIVE JOHN SALEMME, STAR #20769, CHICAGO POLICE OFFICERS JEANNETTE VARELA, STAR #12779, TRETA POPE, STAR #3840 and THE CITY OF CHICAGO, a Municipal Corporation | ) JURY DEMAND |
| Defendants. | ) |

### SECOND AMENDED COMPLAINT AT LAW

NOW COMES, JEREMY NOWACK, by and through his attorneys, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND, and MICHAEL D. ROBBINS, MICHAEL D. ROBBINS & ASSOCIATES, and in complaining of the Defendants, CITY OF CHICAGO; CHICAGO POLICE DETECTIVE JOHN SALEMME, STAR #20769; CHICAGO POLICE OFFICER JEANNETTE VARETA, STAR #12779; CHICAGO POLICE OFFICER TRETA POPE, STAR #3840 and NATE WARNER, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to Illinois law and 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the

1

facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, JEREMY NOWACK, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendant, NATE WARNER, is an off duty Chicago Police Officer, employed by the Chicago Police Department and resident of the Northern District of Illinois.

5. Defendants, CHICAGO POLICE DETECTIVE JOHN SALEMME, STAR #20769, CHICAGO POLICE OFFICER JEANNETTE VARELA, STAR #12779 and CHICAGO POLICE OFFICER TRETA POPE, STAR #3840, were at all times material hereto, duly appointed Chicago Police Officers, employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

6. The Defendant, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

7. During the evening hours of December 15 and into December 16, 2012, Defendant, NATE WARNER, an off-duty Chicago Police Officer, was present as a patron at the bar known as Deuce's and The Diamond Club.

8. On December 16, 2012, Plaintiff, JEREMY NOWACK, was present as a patron at the bar known as DEUCE'S and THE DIAMOND CLUB, owned by Defendant 3505 CLARK INC.

9. On said date and location, Defendant NATE WARNER, while in an intoxicated state, assaulted and battered and Plaintiff, JEREMY NOWACK, by striking him repeatedly in the head and face, without provocation by the Plaintiff, who at all times was acting with due care

2

and caution for his own safety, resulting in severe and permanent injuries.

10. During the altercation, Defendant, NATE WARNER, an off-duty Chicago Police Officer dropped his firearm on the floor of The Deuce's and The Diamond Club.

11. Defendant Chicago Police Officers, JEANNETTE VARELA, STAR #12779 and TRETA POPE, STAR #3840 arrived at The Deuce's and The Diamond Club in response to a 911 call regarding the attack on Plaintiff Jeremy Nowack by Defendant Nate Warner.

12. After learning that Defendant WARNER was an off-duty Chicago Police Officer, Defendant Chicago Police Officers VARELA STAR #12779 and POPE, STAR #3840 entered The Deuce's and The Diamond Club retrieved Defendant WARNER'S firearm and returned it to Defendant Warner, who was visibly intoxicated.

13. Defendants VARELA and POPE did not detain or arrest Defendant Warner, despite the fact Defendant Warner was positively identified at the scene as the individual who committed an unprovoked physical attack on Plaintiff which resulted in serious physical injuries to the Plaintiff.

14. Plaintiff, JEREMY NOWACK, was transported via ambulance to Illinois Masonic Hospital where he was treated for facial injuries.

15. Defendant Chicago Police Officers VARELA, Star #12779 and POPE, Star #3840 arrived at the hospital and attempted to persuade Plaintiff, JEREMY NOWACK from pursuing criminal charges against Defendant Warner due to the fact that Defendant Warner was a Chicago police officer.

16. The criminal investigation was assigned to Defendant Chicago Police Detective JOHN SALEMME, Star #20769 to investigate.

17. After learning that the offender was a Chicago Police Officer, and despite the fact

3

that Nowack signed criminal complaints against Warner, Defendant Chicago Police Detective JOHN SALEMME, Star #20769 intervened to prevent Nowack from pursuing criminal charges against Warner and, as a result, Plaintiff Jeremy Nowack was precluded and prevented from filing his criminal complaint or having the case heard in criminal court.

## COUNT I
### Assault and Battery
### (Defendant Nate Warner)

18. Plaintiff, JEREMY NOWACK, adopts and realleges paragraphs 1 through 17 of the Common Allegations above as fully stated herein.

19. That on or about December 16, 2012, the Defendant NATE WARNER, without any cause or provocation and with intent to do bodily harm to the Plaintiff, JEREMY NOWACK, did severely harm, assault and batter the Plaintiff by striking him repeatedly in the head and face while on the premises of the bar located at 3505 N. Clark Street, Chicago, Cook County, Illinois.

20. That the aforesaid assault was willful and wanton and maliciously made by Defendant, NATE WARNER.

21. That as a direct and proximate result of these actions of the Defendant NATE WARNER, the Plaintiff sought medical care and treatment for his injuries, lost time from work and suffered other injuries of a personal and pecuniary nature.

## COUNT II
### Intentional Infliction of Emotion Distress
### (Defendant Nate Warner)

22. Plaintiff, JEREMY NOWACK, adopts and realleges paragraphs 1 through 17 of the Common Allegations above as fully stated herein.

4

23. The acts and conduct of Defendant, NATE WARNER, as set forth above were extreme and outrageous. Defendant, NATE WARNER, intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to Plaintiff, JEREMY NOWACK.

24. Defendant's, NATE WARNER, actions and conduct did directly and proximately cause a severe emotional distress to the Plaintiff, and thereby constituted intentional infliction of emotional distress upon the Plaintiff.

## COUNT III
### Negligence
### (Defendant Nate Warner)

25. Plaintiff, JEREMY NOWACK, adopts and realleges paragraphs 1 through 17 of the Common Allegations above as fully stated herein.

26. On December 15 and 16, 2012, Defendant NATE WARNER had a duty to exercise reasonable care to the other patrons of Defendant, 3505 CLARK INC. d/b/a DEUCE'S and THE DIAMOND CLUB,

27. Notwithstanding the aforesaid duty, Defendant NATE WARNER breached said duty and was negligent in one or more of the following ways:

   a. Defendant, NATE WARNER carelessly and negligently consumed large quantities of alcohol, thereby putting him in an obviously intoxicated state;

   b. Defendant, NATE WARNER negligently acted with reckless disregard of the probability that his conduct would cause both physical and severe emotional distress to Plaintiff, JEREMY NOWACK;

   c. Defendant, NATE WARNER'S negligent actions and conduct did directly and proximately cause both physical and severe emotional distress to Plaintiff, JEREMY NOWACK.

5

28. As a direct and proximate result of one of the aforesaid acts or omissions, or a combination thereof, Plaintiff JEREMY NOWACK suffered severe physical and emotional injuries.

## COUNT IV
## 42 U.S.C. §1983
## Due Process/Equal Protection – Monell Claim
## (All Defendants)

29. Plaintiff realleges and incorporates herein by reference the foregoing allegations contained in paragraphs 1 through 17, above, as if fully set forth herein.

30. The actions of the Defendants, SALEMME, VARELLA, WARNER and POPE were done pursuant to one or more of the following *de facto* policies, practices and/or customs of the CITY that are so pervasive that they carry the force of the law.

31. Specifically, the CITY has a *de facto* policy, practice, and/or custom of concealing and/or suppressing evidence of officer misconduct (both on duty and off duty misconduct), including the use of unlawful force. The concealment and suppression of the existence of misconduct includes, but is not limited to: failure to legitimately or sufficiently investigate allegations of misconduct; failure to accept complaints from citizens against police officers; failure to promptly record witness statements or preserve evidence; failure to promptly interview the suspected officer; failure to properly and sufficiently discipline an officer, even where the complaint is sustained; fabrication of exculpatory evidence or destruction of incriminating evidence; and failure to initiate prompt disciplinary procedures related to the alleged misconduct, even when the allegation of misconduct is so obviously true.

32. Likewise, the CITY has a *de facto* policy, practice, and/or custom of investigating complaints against off duty officers differently than complaints against other citizens. This "double standard" regarding allegations of misconduct against off-duty officers includes, but is

6

not limited to: all of the above acts and/or omissions listed in ¶31, above; refusing to file any criminal charges or, limiting charges against off-duty officers to misdemeanors, regardless of the severity or outrageousness of the alleged misconduct; and suppressing felony review of charges against off-duty officers, regardless of the severity or outrageousness of the alleged misconduct.

33. Likewise, the CITY has a *de facto* policy, practice, and/or custom of failing to maintain accurate and complete records of complaints and investigations of misconduct.

34. Likewise, the CITY has a *de facto* policy, practice, and/or custom of hiring and retaining unqualified officers, and failing to properly train, monitor and/or supervise its police officers.

35. Finally, the CITY, has a *de facto* policy, practice, and/or custom of a "code of silence." This code is an implicit understanding between and among members of the Chicago Police Department resulting in a refusal or failure to report instances of misconduct of which they are aware, including the use of unlawful force, despite their obligation to do so as sworn peace officers. This includes police officers who remain silent or give false or misleading information during official investigations into allegations of a fellow officer related to misconduct that occurred on duty or off duty in order to protect themselves or their fellow officers from discipline, criminal prosecution or civil liability.

36. Individually and collectively, the above described *de facto* policies, practices, and/or customs of the CITY proximately result in the culture and endemic attitude among members of the Chicago Police Department, including Defendant WARNER that he may engage in misconduct against the citizenry with impunity, and without fear of official consequence; they consider themselves "above the law."

37. The aforementioned *de facto* policies, practices, and/or customs of the CITY,

7

individually and collectively, have been maintained and/or implemented with utter indifference by the CITY and has or have encouraged and/or motivated the Defendants SALEMME, VARELLA, WARNER and POPE, to commit the aforesaid wrongful acts against the Plaintiff, and therefore acted as the direct and proximate cause of the injuries sustained by the Plaintiff.

38. The above acts/omissions of the CITY violated the Plaintiff's rights under the Fourteenth Amendments to the United States Constitution.

39. As a direct result of the facts and allegations set forth in Count I, the Plaintiff, JEREMY NOWACK, has suffered, and will in the future continue to suffer injuries of a personal and pecuniary nature, including extreme emotional distress.

**COUNT V**
**42 U.S.C. §1983**
**Conspiracy – Equal Protection**
**(All Defendants)**

40. Plaintiff realleges and incorporates herein by reference the foregoing allegations contained in paragraphs 1 through 17, above, as if fully set forth herein.

41. The individual Defendants, acting together and under color of law, reached an understanding and agreement, engaged in a course of conduct, and otherwise conspired among and between themselves and with other unnamed and/or as yet unknown co-conspirators, to intimidate and otherwise act to deter the Plaintiff from acting as witness and/or party to any potential action related to the conduct described herein and above.

42. As the proximate result of the unlawful persuasion, threats and intimidation described herein and above, the Plaintiff has suffered and will in the future continue to suffer injuries of a personal and pecuniary nature.

## COUNT VI
### Indemnification

43. Plaintiff realleges and incorporates herein by reference the foregoing allegations contained in paragraphs 1 through 17, above, as if fully set forth herein.

44. Defendants were employees and agents of the CITY and acted within the scope of their employment in committing the misconduct described herein and the Defendant, CITY, was their principal.

45. Defendant, CITY, is a municipal corporation required to provide indemnity within the meaning of 735 ILCS 10/9-102 for all actual damages caused by the Defendants, caused while acting in the scope of their employment.

WHEREFORE, the Defendant, CITY OF CHICAGO, is liable to Plaintiff, JEREMY NOWACK, for an amount which will compensate them for past and future damages, including but not limited to Plaintiff's pain, suffering, and emotional distress proximately caused by the wrongful and unlawful acts of the Defendants.

## JURY DEMAND

Plaintiff, JEREMY NOWACK, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

JEFFREY J. NESLUND,
One of Plaintiff's Attorneys

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

Michael D. Robbins
Michael Robbins & Associates
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000

9